BRYSON, Paul E., Appellant,

v.

BRAND INSULATIONS, INC., Appellee.

No. 79–2042.

United States Court of Appeals,
Third Circuit.

Argued Jan. 18, 1980.

Decided April 30, 1980.

Christopher F. Stouffer (argued), Joseph A. Malloy, Jr., Hamilton, Darmopray & Malloy, Philadelphia, Pa., for appellant.

William B. Carr, Jr. (argued), Morgan, Lewis & Bockius, Philadelphia, Pa., for appellee.

Before HUNTER, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Paul E. Bryson appeals from the judgment entered against him in an action which he brought against his former employer, Brand Insulations, Inc. Invoking our diversity jurisdiction, 28 U.S.C. § 1332 (1976), Mr. Bryson alleged several breaches of an oral employment agreement. After submission of a number of stipulations and with discovery underway but without prior warning to the parties, the district court, on his own, entered judgment in favor of the defendant. Although the court entered judgment on the entire action, it addressed only one issue of Bryson's multi-issue complaint, whether Bryson was entitled to unpaid portion of his 1976 bonus. The other issues were swept away in the undercurrent of the one issue on which the court focused. The other issues in Bryson's complaint include an alleged failure by Brand to pay $16,608.80, representing the difference between bonuses earned and paid for the years 1974 through 1976, as well as, an alleged failure by Brand to repay $468.75 due on a loan made to the Company. Because the district court erred by entering pretrial judgment [1] in favor of the defendant, the judgment will be reversed and the action will be remanded to the district court.

I

Mr. Bryson worked for the defendant and its predecessor company under an oral employment agreement from 1974 until June 1977 when he voluntarily left his employment. He seeks to recover the unpaid portion of his 1976 bonus. The defendant admitted that under the agreement Bryson's compensation included salary plus an annual bonus. In his deposition, Mr. Bryson stated that the amount of his annual bonus was not predetermined, but instead was computed on the basis of his work performance in a given year. Beginning with payment of the 1974 bonus, Brand switched its practice from paying the bonus in one lump sum to paying in installments over the following year. Thus the 1974 bonus was paid in ten installments in 1975; the 1975 bonus was paid in eleven installments in 1976.

---

1. The pretrial judgment was characterized by the district court as one on the pleadings. Fed. R.Civ.P. 12(b)(6). It was actually an entry of summary judgment. Fed.R.Civ.P. 56. For a discussion of the automatic conversion from judgment on the pleadings to summary judgment, *see infra* section II B.

In mid-December 1976, two weeks prior to the conclusion of its fiscal year, the defendant distributed to its employees a leaflet entitled "Bonus Incentive Plan." In this leaflet, the company set forth the terms by which it intended to pay the bonuses that employees had earned in 1976. Under the plan, an employee would not be entitled to the unpaid portions of his 1976 bonus unless he continued to be employed by the defendant at the time an installment of the bonus was scheduled for payment. The installment payment period was extended to three years. The relevant portion of the Bonus Incentive Plan specifically provides that

> Each eligible participant will be informed of the amount of his/her award for the preceding year during March of the current year.

> The award will be paid in six equal installments on April 1 and October 1 of the first payment year and on each April 1 and October 1 of succeeding years. A participant who terminates employment voluntarily, or is terminated for cause, will not be entitled to receive accrued but unpaid installments under the Incentive Bonus Plan.

Subsequent to receiving payment of the first of six installments of his 1976 bonus, Bryson left the defendant's employment. Brand has refused to pay him the unpaid portion of his bonus, relying on the clause in its Bonus Incentive Plan that provides for forfeiture of accrued but unpaid portions of the bonus if an employee voluntarily terminates his employment prior to the scheduled date of the installment payment.

Bryson does not deny that he was notified of this plan and its terms, but claims that he bargained for a salary plus bonus in exchange for his work performance. Alleging that he has fulfilled his part of the bargain under the terms of the initial oral agreement he complains that Brand refuses to fulfill its obligation to pay him the bonus he earned during 1976. The essence of Bryson's argument is that the requirement of three years continued employment as a condition precedent to receipt of all of the bonus earned in 1976 is an additional term to the preexisting oral employment agreement and invalid as a unilateral modification. The question boils down to what, if anything, did these parties agree to respecting a bonus before the defendant announced the bonus plan set forth in the December leaflet?

In an attempt to frame the legal issue for purposes of briefing, the court specifically had the parties stipulate in writing to the following facts:

(1) an employee is awarded a bonus in the year 1977 for work performed in 1976.

(2) that the bonus is paid in several installments, and

(3) that the employee is advised that receipt of installment payments is dependent upon the employee remaining in the company's employ as of a scheduled payment date, and the employee has been informed—but contests the validity of—this condition, and

(4) the employee on June 1, 1977 voluntarily terminated his employment prior to the end of the bonus installment period;

The written stipulation framed the pertinent legal issue: [2]

> Is the employee legally entitled to bonus installments scheduled for payment subsequent to the date he voluntarily terminates his employment?

Shortly after the stipulation and before trial, the district court, on its own initiative, entered judgment in favor of the employer. In its opinion of July 16, 1979, the court stated that the parties had agreed to submit this case on the basis of the pleadings. The opinion further stated that the parties agreed that the sole issue of the case is whether the employee is entitled to bonus installments scheduled for payment subsequent to the date he voluntarily terminates his employment. From the entry of judgment against him, Mr. Bryson appeals.

---

2. The record is silent as to what became of the other issues in the complaint at the time of the written stipulation.

## II

### A. *Dismissal on the Pleadings*

The appellant, alleging that the parties actually had not agreed to submit this case on the pleadings, assigns error to the court's sua sponte decision to grant judgment on the pleadings. The record supports Bryson's contention that the parties had not so agreed; nor did the defendant move for judgment on the pleadings. Nevertheless, for a court to grant judgment on the pleadings, *sua sponte*, is not error. The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action. *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194, 1198 (7th Cir. 1977), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978). Certain protections, however, are guaranteed the plaintiff. A court may not dismiss a complaint on the pleadings unless no set of facts could be adduced to support the plaintiff's claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In addition, because judgment on the pleadings results in an early assessment of the merits of plaintiff's action, the plaintiff must be given the safeguard of having all its allegations taken as true and "all inferences favorable to plaintiff will be drawn." *Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977). But judgment on the pleadings would not be appropriate here because the complaint states a cause of action in contract. Bryson alleges he earned a bonus that the defendant refuses to pay.

### B. *Summary Judgment Requires Notice*

Having set for the prerequisite standard for reviewing pleadings and concluded that judgment on the pleadings would not have been proper here, we note that despite the district court's labeling its review as "on the pleadings", its dismissal was not based solely on the pleadings. The district court considered matters beyond the scope of the pleadings, such as the terms of the Bonus Incentive Plan. Therefore the procedure automatically converted to a Rule 56 summary judgment procedure. *Moreland v. Western Pennsylvania Interscholastic, etc.*, 572 F.2d 121, 126–27 (3d Cir. 1978); *Mortensen v. First Federal Savings & Loan Association, supra,* 549 F.2d at 891; Fed.R.Civ.P. 12(b).

A summary judgment procedure under Fed.R.Civ.P. 56 has its own protections against unwarranted pretrial dismissal of an action. Rule 12[b] requires that "all parties . . . be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Preterm, Inc. v. Dukakis*, 591 F.2d 121, 134 (1st Cir.); *cert. denied sub nom. Baird v. Pratt*, 441 U.S. 952, 99 S.Ct. 2181, 60 L.Ed.2d 1057 (1979); *Sims v. Mercy Hospital of Monroe*, 451 F.2d 171, 173 (6th Cir. 1971). To exercise the right to oppose summary judgment, a party must have notice. Here, however, no notice was given. Although the court may dismiss the action at its own instance, it must first provide Bryson an opportunity to oppose an entry of summary judgment against him.

Bryson had no prior knowledge that the court was considering judgment on the pleadings or summary judgment. Without notice, he had no reasonable opportunity to present to the court material relevant to a Rule 56 proceeding. Because the procedure of Rule 56 requiring an opportunity to present pertinent material, which presumes notice to the party so that he may take advantage of the opportunity, was not followed, the entry of judgment must be reversed.

### C. *Summary Judgment is Inappropriate Where Material Facts Are in Dispute*

Not only must notice of the summary judgment proceeding be given to the parties but the trial court cannot grant summary judgment unless no genuine issue of material fact is disputed. *Mortensen v. First National Savings & Loan Association, supra,* 549 F.2d at 891. Here a material fact is in dispute, making summary judgment inappropriate. The parties do not

agree as to whether a prior bonus agreement existed, and, if so, whether the employer modified that agreement by requiring three years continued employment to qualify for the full bonus award. Although plaintiff has not explicitly in his complaint denominated this as an action for breach of contract, such an inference as to the underlying legal cause of action is unavoidable. Yet, the court in entering pretrial judgment against the plaintiff decided that no former agreement for a bonus had existed. The district court found that "the defendant here is not attempting to cancel rights created under an existing contract by a subsequent agreement." In making this finding the district court, without notice to the plaintiff, decided pretrial the precise disputed issue on which plaintiff predicates his action. The district court relied on the fact that Bryson was advised of the terms of the "Incentive Bonus Plan" and was therefore cognizant of the restrictions placed on him. Notification of the restrictions would be irrelevant, however, if as Bryson alleges, there was a preexisting agreement to pay a bonus which did not encompass the restrictive terms of the December 1976 leaflet. At this stage of the proceedings, based on the complaint and the stipulation, which Bryson was never given an opportunity to supplement, the existence and scope of a prior agreement is a material fact in dispute. Therefore, even had Bryson been given the opportunity to challenge summary judgment, this action is not a candidate for a Rule 56 proceeding because of the existence of triable disputed facts concerning the bonus agreement. *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1147 (3d Cir. 1972).

The appellee urges this court to affirm the district court's entry of judgment based on facts not considered by the district court. "A successful party in the District Court may sustain its judgment on any ground that finds support in the record." *Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957). Brand contends that Bryson's deposition, not relied on by the district court, supports the pretrial entry of judgment. Brand character-izes Bryson's deposition testimony as admitting that the company was free not to award a bonus in any given year. Our reading of the deposition does not support appellee's contention. Mr. Bryson stated that no minimum amount of bonus was guaranteed because the bonus was tied to his work performance. This does not amount to the plaintiff admitting that the decision whether to give a bonus is entirely within the discretion of Brand. Rather, this suggests that the bonus was a real obligation, conditioned on a factor outside the defendant's control. Instead of disproving the existence of such agreement, the deposition testimony supports Mr. Bryson's allegation of a prior existing agreement as to a bonus. To the extent ambiguity exists, all inferences favorable to the plaintiff must be drawn. *Mortensen v. First Federal Savings & Loan Association, supra,* 549 F.2d at 891.

Accordingly, the pretrial judgment against Bryson is reversed. The action will be remanded to the district court for further proceedings consistent with this opinion, including reinstatement of the entirety of plaintiff's complaint.