CROWN CENTRAL PETROLEUM
CORPORATION, Appellant,

v.

WALDMAN, Carl J., Appellee.

No. 80–1648.

United States Court of Appeals,
Third Circuit.

Argued Oct. 15, 1980.

Decided Nov. 17, 1980.

David Richman (argued), Thomas E. Zemaitis, Pepper, Hamilton & Scheetz, Morton A. Sacks, Juliet A. Eurich, Cable, McDaniel, Bowie & Bond, Baltimore, Md., for appellant.

Marion L. Jetton (argued), Sanford M. Litvack, Robert B. Nicholson, Washington, D. C., amicus curiae for United States of America.

Jerry S. Cohen, Kohn, Milstein & Cohen, Washington, D. C., amicus curiae for the Service Station Dealers of America.

Marc G. Tarlow (argued), Lewis H. Markowitz, Markowitz, Kagen & Griffith, York, Pa., for appellee.

Before HUNTER and WEIS, Circuit Judges, and FISHER,* District Judge.

OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

This is an appeal from an order of the United States District Court for the Middle

* Hon. Clarkson S. Fisher, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

District of Pennsylvania denying appellant's request for an injunction and entering summary judgment in favor of appellee.[1]

Appellant, Crown Central Petroleum, and appellee, Carl J. Waldman, entered into an agreement in 1973 under which Waldman leased and operated a Crown gasoline service station. Although Crown declined to renew the agreement after 1976, Waldman continued to operate the service station. Crown initiated ejectment proceedings in the state courts. The parties stipulated that Waldman could retain possession of the station pending the outcome of that litigation.

In 1979, Waldman (who was still operating the station due to the protracted nature of the state court proceedings) closed the station on Sundays, in violation of an express provision of his lease and agreement with Crown.[2] Waldman closed the station pursuant to a Sunday closings agreement among Pennsylvania and Delaware service station owners allegedly designed to coerce federal energy officials to permit greater profit margins for service station dealers.

Appellant then initiated this action by filing a three count complaint in the district court. Count I sought a preliminary injunction either directing Waldman to surrender possession of the service station pending the outcome of the litigation, or, alternatively, enjoining Waldman from violating any provisions of his agreement with Crown. Count II requested that Waldman be permanently enjoined from participating in an alleged conspiracy with other service station dealers in restraint of trade in violation of §§ 1 and 2 of the Sherman Act. 15 U.S.C. §§ 1 and 2 (1976). Count III paralleled the state court action for ejectment, federal jurisdiction premised on diversity. Waldman countered with a Rule 12(b)(6) motion to dismiss Counts II & III of the complaint.

On November 15, 1979, the district court held a hearing on Crown's motion for a preliminary injunction under Count I. The court expressly noted that *only* the motion for preliminary injunction under Count I was before the court at the hearing.[3]

On March 6, 1980, the district court entered an order granting Crown's motion for a preliminary injunction on Count I, insofar as it prohibited Waldman from further violating any provisions of his lease and agreement with Crown.

On March 21, 1980, without a further hearing, the district court entered a second order. Despite the colloquy between the court and attorney for appellee indicating that the November hearing was limited to Count I, *supra* note 3, the trial judge nonetheless ruled on appellee's motion to dismiss Counts II and III of Crown's complaint. The court converted Waldman's Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, and entered judgment against Crown on Count II of its complaint. Consideration of Count III was stayed pending the outcome of the state court proceedings. This appeal concerns only the summary judgment rendered on Count II.

Because the trial court failed to inform appellant adequately that Counts II and III were before the court, and because the court converted appellee's Rule 12(b) motion to dismiss into a Rule 56 motion for summary judgment without following the proper procedural safeguards, we reverse.

---

1. Appellate jurisdiction lies under 28 U.S.C. § 1292(a)(1) (1976) to review the district court's denial of injunctive relief. *Jaffee v. United States*, 592 F.2d 712, 714 (3d Cir.), *cert. denied* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979).

2. According to appellant's complaint, the "Lease and Dealer Agreement" required continuous operation of the station, 24 hours a day, 365 days a year. Appendix for Appellant at 10a.

3. THE COURT: The other matter [the antitrust claim in Count II] before us is not before us at this time, and that's your [Waldman's] motion to dismiss.

MR. MARKOWITZ [Counsel for Appellee]: That is correct.

THE COURT: And that will take its course. Appendix for Appellant at 114a.

The record clearly indicates that the November hearing addressed only the motion for a preliminary injunction under Count I.[4] Appellant could not have known that it was facing disposition on the merits of Counts II and III as well.[5] Accordingly, appellant was not afforded a meaningful opportunity to oppose an entry of summary judgment against it. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("To exercise the right to oppose summary judgment, a party must have notice.").

We also find reversible error in the district court's conversion of Waldman's motion to dismiss into a motion for summary judgment. Rule 12(b) provides that a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted may be converted into a Rule 56 motion for summary judgment whenever matters outside of the pleadings are presented to and considered by the court.[6] Conversion under Rule 12(b), however, requires the court to give the parties "a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). We have previously interpreted this Rule 56 provision to require "service of a motion thereunder at least 10 days before the time fixed for hearing ... [and also] a right to the adverse party to serve opposing affidavits prior to the day of hearing." *Winkleman v.*

*New York Stock Exchange*, 445 F.2d 786, 789 (3d Cir. 1971). Appellant was afforded neither notice nor an opportunity to present affidavits in support of its antitrust claim.

In *Bryson*, this court recently reiterated the importance of notice in summary judgment proceedings. We stand by our strict adherence to this procedural safeguard.[7] Thus litigants are entitled to 10 days notice before a Rule 12(b)(6) motion to dismiss may be converted into a Rule 56 motion for summary judgment. *See Hickey v. Arkla Industries, Inc.*, 615 F.2d 239, 240 (5th Cir. 1980) ("Combined, these Rules [12(b) and 56] establish that, as a rule of thumb, parties are entitled to 10 days notice that a 12(b)(6) motion is being treated as a Rule 56 motion for summary judgment"); *Hanson v. Polk County Land, Inc.*, 608 F.2d 129, 131 (5th Cir. 1980); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 456–57 (10th Cir. 1978).

Accordingly, the judgment of the district court is reversed and this action is remanded for further proceedings consistent with this opinion.

---

4. See the colloquy at note 3, *supra.*

5. The Fifth Circuit reached the same conclusion in a case presenting almost identical facts. *Georgia So. & Fla. Ry. Co. v. Atlantic Coast Line R.R. Co.*, 373 F.2d 493 (5th Cir.), *cert. denied*, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967).

6. Rule 12(b) provides in pertinent part:

   If on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 Fed.R.Civ.P. 12(b).

7. Wright and Miller have aptly explained the importance of the notice provision:

   The extended time period for service of the motion is especially important in the Rule 56 context because it provides an opportunity for the opposing party to prepare himself as well as he can with regard to whether summary judgment should be entered. In theory, the additional time ought to produce a well-prepared and complete presentation on the motion to facilitate its disposition by the court. In addition, since opposition to a summary judgment motion often is a difficult task, usually involving preparation of both legal and factual arguments as well as affidavits, and since the results of failure are drastic, it is felt that the additional time is needed to assure that the summary judgment process is fair. 10 C. Wright & A. Miller, Federal Practice and Procedure, § 2719 at 451 (1973).