

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2004

# Sookhoo v. Becton Dickinson Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sookhoo v. Becton Dickinson Co" (2004). *2004 Decisions.* Paper 457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3216

RONNIE SOOKHOO; INDUSTRIAL LABORATORY
RESEARCH LIMITED, a limited liability
company of the Republic of Trinidad
and Tobago

Appellants

v.

BECTON DICKINSON AND COMPANY,
a New Jersey corporation;
ENRIQUE GUDINO; RAUL A. FABREGA

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

(Dist. Court No. 01-cv-03863)
District Court Judge: Honorable Anne E. Thompson

Argued: June 18, 2004

Before: ALITO, SMITH, AND WALLACE[*], Circuit Judges.

(Opinion Filed: July 28, 2004)

---

[*]The Honorable J. Clifford Wallace, Senior Circuit Judge for the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

LAUREN B. COHEN (argued)
175 Fairview Avenue
Paramus, New Jersey 07652

*Counsel for Appellant*s

ANDREW W. SCHWARTZ (argued)
STEVEN R. ROWLAND
Sills, Cumis, Epstein & Gross, P.S.
One Riverfront Plaza
Newark, New Jersey 07102-5400

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

This is an appeal of a summary judgment order.  The relevant facts are set out in the District Court's opinion.  We find that there exists a genuine issue of material fact, and we therefore reverse the District Court's summary judgement order and remand for trial.

In its complaint, Sookhoo alleged that he had a contract with Becton Dickinson and Company ("BD") to be BD's exclusive distributor in Trinidad.[1]  Unfortunately for Sookhoo, he was unable to produce a written copy of any contract.  In response to the complaint, BD submitted a motion to dismiss under FRCP 12(b)(6), arguing that any

---

[1]Sookhoo also stated claims in tort and promissory estoppel.

existing agreement was between Sookhoo and one of BD's foreign subsidiaries. BD reasoned that as Sookhoo, Industrial, and BD's foreign subsidiaries were all non-citizens, the District Court did not have diversity jurisdiction over the contract claim. After reviewing this motion, the District Court issued an order stating that previously it had "converted this motion into a motion for summary judgment." The District Court then dismissed the case for lack of subject matter jurisdiction, ruling that Sookhoo failed to produce evidence that there was any agreement between him and BD and furthermore finding that, if any agreement existed, it was between Sookhoo and BD's foreign subsidiary.

We conclude that an erroneous procedure was used in deciding the motion. First, a non-moving party must receive notice at least 10 days before a motion to dismiss under 12(b)(6) is converted into a motion for summary judgment. See Rose v. Bartle, 871 F.2d 331, 335, 342 (3d Cir. 1989); Hancock Industries v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987) citing Crown Central Petroleum Corp. v. Waldman, 634 F.2d 127, 129 (3d Cir.1980). Here, such notice was not provided. Indeed, because the parties were not directed to provide supporting affidavits, as FRCP 56 requires, but instead were told to make informal responses, it appears that Sookhoo was misled into believing that BD's motion would not be converted into a summary judgment motion. See App. 126; 146; Appellant's Br. at 3. This prevented Sookhoo from gathering and presenting to the Court the proper evidence and arguments he needed to defend against a motion for summary

3

judgment.

Second, BD's motion raised a merits issue, not an issue of subject matter jurisdiction. Simply put, by finding that there was no contractual relationship between the parties, the District Court was determining the merits of the case. This was important, as the standard for dismissing for a lack of jurisdiction is different from the standard for granting summary judgment. *See Nesbit v. Gears Unlimited Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

In any event, we do not base today's decision on the above grounds because we hold that there was a genuine issue of material fact left for trial and that BD was therefore not entitled to summary judgment. We exercise plenary review over a decision to grant summary judgment. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quotation omitted). Furthermore, "[t]he burden is on the moving party to produce credible evidence that would entitle it to a directed verdict if not controverted at trial." Pennbarr Corp. v. Insurance Co. of N. Am., 976 F.2d 145, 149-50 (3d Cir. 1992).

Here, we find that Sookhoo's claim raises an issue of material fact. At bottom, the credibility of Sookhoo's claim that a contract existed is an issue for the factfinder. Not only has BD failed to show that no contract existed, but the record contains evidence of

4

some form of distributorship agreement and possibly a long-standing, exclusive relationship between the parties. See, e.g., App. 94; 298-309. Furthermore, the one document in the record that suggests that the agreement was between Sookhoo and BD's foreign subsidiary is insufficient for summary judgment. See App. 225-228. Not only is the document vague and without foundation, but the District Court erroneously ignored Sookhoo's claim and evidence that BD's foreign subsidiaries were so controlled by BD as to make them the same company.[2] See App. 279-286; App. 298-300; App. 418-419.

For these reasons, we reverse the summary judgment order and remand for further proceedings.

---

[2]While we agree that Sookhoo never alleged in its briefs to the District Court that BD and its foreign subsidiaries were a "single entity," there is no legal rule requiring such magic words. Sookhoo plainly argued that BD and its foreign subsidiaries were one company and this is an issue for the jury.