

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# Clay v. Dept Army

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Clay v. Dept Army" (2007). *2007 Decisions.* Paper 1204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2515
_____

WILLIAM CLAY, JR.,

Appellant

v.

DEPARTMENT OF THE ARMY;
THE PENTAGON; DEPARTMENT OF VETERAN AFFAIRS
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-3432 )
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2007

Before: Rendell, Garth and Cowen, Circuit Judges.

(Filed: April 26, 2007 )

_____

OPINION
_____

PER CURIAM

Appellant, William Clay, Jr., appeals the judgment of the United States District

Court for the Eastern District of Pennsylvania dismissing his amended complaint and

denying his motion for reconsideration. For the reasons that follow, we will vacate and remand.

In June 2005, Appellant filed a complaint against Appellees, which the District Court dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a). The District Court gave Appellant until November 25, 2005, to file a complaint that set forth a cognizable cause of action. Appellant filed a second complaint on October 20, 2005, in which he alleged violations of 5 U.S.C. § 552 and 5 U.S.C. § 552a, the Freedom of Information Act and the Privacy Act. Appellees filed a motion to dismiss, or alternatively, for summary judgment. The District Court ordered Appellant to respond to the motion, which he did. Thereafter, the District Court entered an order granting defendants' "motion to dismiss, or alternatively, for summary judgment." Appellant filed a timely motion for reconsideration, which was denied. Appellant timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

The District Court's order granted Appellees' motion but did not specify whether, or to what extent, the motion was granted under Fed. R. Civ. P. 12(b) or Fed. R. Civ. P. 56. Rule 12(b) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." The process of

2

treating a motion to dismiss as a motion for summary judgment is known as a "conversion." See Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989). Because the District Court considered affidavits from Appellees, or did not specifically exclude such affidavits from consideration, the District Court was required to convert defendants' "motion to dismiss, or alternatively, for summary judgment" to a motion for summary judgment. Rose, 871 F.2d at 340 n.3.

When a motion to dismiss is converted into a motion for summary judgment, the parties must be given notice of the conversion and an opportunity to present material to the court. Rose, 871 F.2d at 340. Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and an opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. After defendants filed their motion, the District Court entered an order, which provided, "AND NOW, this 21st day of December, 2006, it is ORDERED that Plaintiff will respond to the Motion of the United States to Dismiss, or Alternatively, for Summary Judgment (Doc. No. 10) no later than February 3, 2006."

"We have previously held that when no hearing is conducted, the court's order converting Rule 12(b)(6)...motions into summary judgment motions must be unambiguous." Rose supra, 871 F.2d at 341. If there is no hearing, it is undesirable for a district court to enter summary judgment unless in its order "it is made clear beyond doubt that the parties must present their affidavits and counter-affidavits in addition to whatever facts appear in the pleadings, depositions, answers to interrogatories, and admissions on

3

file." Rose supra, 871 F.2d at 341.

The District Court's order notifying the parties of the conversion is ambiguous. It is unclear from the language of the order whether the District Court was treating the defendants' motion as a motion to dismiss under Rule 12(b)(6), or as a motion for summary judgment under Rule 56. Furthermore, the order does not make it "clear beyond doubt" that the parties were required to present at that time their affidavits and counter-affidavits for consideration. Accordingly, the parties did not receive proper notice of the District Court's conversion of the motion.

We have held that it is reversible error for a district court to convert a motion under Rule 12(b)(6) into a motion for summary judgment without proper notice to the parties. See Castle v. Cohen, 840 F. 2d. 173, 179-180 (3d Cir. 1988); Davis Elliott Int'l, Inc. v. Pan American Container Corp., 705 F.2d 705, 706-08 (3d Cir. 1983); Crown Central Petroleum Corp. v. Waldman, 634 F.2d 127, 129 (3d Cir. 1980); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980). "The failure to give adequate notice does not, however, require automatic reversal; it may be excused if the failure was a 'harmless error.'" Rose, 871 F.2d at 342. Accordingly, the judgment of the District Court may be affirmed if it appears that there is no set of facts on which Appellant could possibly recover. Id.

The District Court granted Appellees' motion after concluding that Appellant had failed to exhaust his administrative remedies. Because Appellant was not given sufficient notice of the conversion of the motion, however, the record is incomplete. Accordingly,

4

we cannot say that the District Court's failure to give adequate notice was harmless. Furthermore, Appellant, in his motion for reconsideration, submitted documentation showing that he did exhaust his administrative remedies under the Privacy Act. Appellees argue, however, that this documentation shows that Appellant did not file his complaint with the District Court within the Privacy Act's two year limitation period, and, thus, Appellant was barred from filing the action. Although it appears that Appellees may be correct, and Appellant may be barred under the Privacy Act's limitation period, we cannot conclude that there is no set of facts on which Appellant could possibly recover because Appellant was not given sufficient notice to submit all of his documentation regarding this issue, including documentation of other administrative proceedings. Because the District Court did not give Appellant adequate notice of the conversion of Appellees' motion to a motion for summary judgment, we will vacate the District Court's orders and remand for further proceedings.