

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Ordonez v. Yost

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ordonez v. Yost" (2008). *2008 Decisions.* Paper 679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4286

_____

MIGUEL ORDONEZ,

Appellant

v.

JOHN YOST, Warden, FCI Loretto;
JACK HERON, Assistant Warden, FCI Loretto;
DANIEL J. LEONARD, MD., Clinical Director, FCI Loretto;
JEFFREY G. TRIMBATH, PA-C, Health Services Administrator, FCI Loretto;
UNKNOWN MEMBERS OF THE UTILIZATION REVIEW COMMITTEE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cv-00169)
District Judge: Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 25, 2008

Before: AMBRO, FUENTES and FISHER, Circuit Judges.

(Filed: August 12, 2008 )

_____

OPINION

_____

PER CURIAM

Appellant, Miguel Ordonez, proceeding pro se, appeals from the District Court's order granting Appellees' motion to dismiss, in part, and granting Appellees' motion for summary judgment, in part. For the reasons that follow, we will affirm.

In March 1999, Appellant, Miguel Ordonez, suffered a knee injury while confined at the Federal Correctional Complex at Coleman, Florida ("FCC-Coleman"). Health officials at FCC-Coleman evaluated Appellant's knee by way of an X-ray, MRI, and consultation with an orthopedic physician. The MRI revealed tears of the medial and lateral menisci in his left knee. Appellant alleges that the reviewing doctors at FCC-Coleman recommended corrective knee surgery. Before the surgery could be scheduled, Appellant was transferred to the Federal Correctional Institution at Loretto, Pennsylvania ("FCI-Loretto"). A request for a consultation with an orthopedic surgeon was submitted to FCI-Loretto's Utilization Review Committee ("U.R.C."), but was denied. Instead, Appellant has been provided with a knee brace and Motrin.

After unsuccessfully pursuing administrative relief, Appellant filed an action in the District Court pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The District Court dismissed the action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Appellant appealed. We vacated the District Court's order and remanded the

2

action, holding that Appellant's complaint was sufficient to survive § 1915(e)(2)(B) analysis. (C.A. No. 03-4080.)

On remand, Appellant filed an amended complaint. In response, Appellees filed a motion to dismiss, or, in the alternative, a motion for summary judgment. The Magistrate Judge recommended granting the motion to dismiss as to Appellee Yost and Appellee Heron, and recommended granting the summary judgment motion as to the remaining defendants. The District Court issued a memorandum order, adopting the recommendation and disposing of the matter. Appellant appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). We "accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom." Id. Our review of the District Court's order granting summary judgment is also plenary. Kreimer v. Bureau of Police for Town of Morristown, 958 F.2d 1242, 1250 (3d Cir.1992). Summary judgment may be granted only where "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Appellees' motion in the District Court was titled "motion to dismiss, or, in the alternative, a motion for summary judgment." The District Court did not give Appellant notice that it was considering the motion for summary judgment. We have held that it is

3

reversible error for a district court to convert a motion under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment without proper notice to the parties. See Castle v. Cohen, 840 F.2d 173, 179-80 (3d Cir. 1988); Davis Elliott Int'l, Inc. v. Pan Am. Container Corp., 705 F.2d 705, 706-08 (3d Cir. 1983); Crown Cent. Petroleum Corp. v. Waldman, 634 F.2d 127, 129 (3d Cir. 1980); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980). In Appellant's response to the motion, however, he addressed it as both a motion to dismiss and a motion for summary judgment.[1] He also attached an affidavit to the response; accordingly, Appellant was aware that the motion could be treated as a summary judgment motion and was not prejudiced by the District Court's failure to provide formal notice. In his response, Appellant failed to produce any evidence showing Appellees' decision to treat his knee by non-surgical means was medically inappropriate. Appellant also failed to produce any evidence showing that the Appellees' decision to treat his injury by non-surgical means was motivated by non-

---

[1]Appellant filed two motions for extension of time to file his response. Instead of granting or denying Appellant's motions, the Magistrate Judge waited until beyond the date that Appellant had requested for the extension, filed the Report and Recommendation and denied Appellant's motions as moot. Appellant then filed his response. The Magistrate Judge entered an order stating that he had reviewed Appellant's untimely brief and that his Report and Recommendation remained unchanged. The District Court's order refers to Appellant's brief. Accordingly, the District Court properly considered Appellant's brief prior to rendering its decision.

medical reasons.[2]  Accordingly, the District Court properly granted the motion for summary judgment.

Furthermore, although the District Court arguably erred in granting Appellees' motion to dismiss, we will nonetheless affirm.  Appellant's complaint alleged that, as members of the U.R.C., Yost and Heron were part of the decision-making unit that determined his medical care.  Additionally, Appellant asserted that the decision to deny him surgery was influenced by monetary concerns.  We have held that deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Although Appellant's complaint arguably states a claim for relief, the District Court could have treated Appellees' motion as one for summary judgment, particularly because Appellant responded to it as such and the record is complete.  As stated previously, Appellant has failed to produce any evidence showing that the Appellees' decision to treat his injury by non-surgical means was motivated by non-medical reasons or that non-surgical treatment was medically inappropriate.  Appellee Yost and Appellee Heron are therefore entitled to summary judgment.

Finally, we briefly note that Appellant's complaint alleges that Appellees violated the Equal Protection Clause and the Due Process Clause by failing to recommend surgery

---

[2]Appellees assert that surgery is unnecessary in light of Appellant's apparent ability to engage in sports activities (per his own request to engage in those activities), as well as his noncompliance with his treatment plan (failing to wear the knee brace).

5

on his knee. Both claims are without merit. Appellant fails to assert that he is a member of a suspect class, and he has failed to prove that the distinction, if any, between his medical treatment and other inmates' medical treatment was not reasonably related to a legitimate state interest. See Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 423 (3d Cir. 2000). Appellant's due process claim is identical to his Eighth Amendment claim; he must bring the claim pursuant to the more explicit constitutional amendment. Graham v. Connor, 490 U.S. 386, 395 (1989).

For the foregoing reasons, we will affirm the judgment of the District Court.