OPINION
POLLAK, District Judge.
Phat Van Le appeals from the grant of a motion for summary judgment in favor of the defendants. Van Le’s suit alleges that he was denied due process during disciplinary proceedings that resulted in his dismissal from dental school. He challenges the District Court’s opinion on the merits and also on the District Court’s decision to convert a motion to dismiss into a motion for summary judgment without providing further discovery.
*173 I.
Le was a student at the defendant, New Jersey Dental School of the University of Medicine & Dentistry of New Jersey (UMDNJ). In Le’s third year, during an exam in Esthetic Dentistry, defendant Dr. Nicolas Conte, the exam proctor, observed suspicious movements that indicated Le might be looking at another student’s exam. Conte announced that cheating was not acceptable and the suspicious behavior ceased. Another proctor, Dr. Rosen, did not observe the behavior.
More than a month after the examination, Conte submitted to the dental school a formal written complaint against Le. Notice was given to Le that he was accused of cheating on the examination proctored by Conte and that he would need to appear before the Dental School Hearing Body in one week. The hearing notice listed certain rights that university policy gave Le, including: the right to call witnesses; the right to. have legal counsel outside the hearing room to advise him at any time; and the right to have a family member, faculty member, or student advise him during the hearing.
Le requested that the hearing be delayed, as it was scheduled during his final exam period, and two character witnesses that he wished to call had finals. Le’s request was denied because the university policy set a deadline for holding the hearing and rescheduling presented logistical problems. However, Le was informed that he was allowed to submit written statements from the students.
At the hearing, Conte testified to his observations. Four of Le’s classmates testified to other tests where they believed they saw Le cheat. Le called several witnesses, including the two who had the scheduling conflict that prompted his request for a continuance. Le called defendant Dr. Harold Zohn who testified that he observed Le cheat on another exam and confronted him about it. The transcript reflects Le questioning his own witnesses, cross-examining other witnesses, and in an active dialogue with the Hearing Body about the evidence. Following the hearing, Le had the opportunity to further supplement the hearing record, and he submitted documents stating that any unusual movements stemmed from a back condition that made it difficult for him to sit still for long periods.
The Hearing Body found Conte’s testimony credible and concluded that Le cheated during the Esthetic Dentistry examination. It also found that Le engaged in a similar pattern of unethical behavior in other courses. The Hearing Body recommended that Le be dismissed. This recommendation was then sent to Dean Greenberg, the Acting Associate Dean for Research, since the Dental School’s dean was recused. Greenberg met with Le to allow him to provide additional information. She decided that Le should be expelled. Le then, with the aid of counsel, appealed that decision to the Executive Vice President for Academic and Clinical Affairs of the UMDNJ. The Executive Vice President affirmed the expulsion.
Le then filed this lawsuit asserting claims for violation of his federal and state equal protection and due process rights. He also asserted state-law claims for defamation and false light. Defendants filed a motion to dismiss. Because this motion presented matters outside the pleading, the District Court, sua sponte, converted the motion to dismiss into a motion for summary judgment, gave notice to the parties, and allowed the parties to file additional materials.
II.
Le attributes several substantive and procedural errors to the District Court. *174 We review a grant of summary judgment de novo. Kach v. Hose, 589 F.3d 626, 633-34 (3d Cir.2009). Summary judgment is appropriate when “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). The evidence of the nonmovant is to be credited and all justifiable inferences are to be drawn in his favor. Kach, 589 F.3d at 634. The motion can be granted only if the evidence is “so one-sided that one party must prevail as a matter of law.” Id.
A. Did the District Court Improperly Resolve Disputed Factual Issues?
For his first point of error, Le argues that the District Court improperly made findings of disputed factual issues.
First, whether the Hearing Body considered the prior instances of cheating to prove the one charged instance, or whether the Hearing Body enlarged the formal charges, are not material facts, as in either situation due process was not violated by consideration of past instances. The District Court did not make a factual finding about the use of the evidence of other instances of cheating but rather stated that introduction of the evidence did not offend due process in whatever way the evidence was used by the Hearing Body. As discussed in Part 11(B) infra, of this opinion, this did not violate due process.
The District Court did not err in finding that Le had a meaningful opportunity to present his defense. Le argues that the short period of time to prepare left him unable to present an adequate defense. It was not disputed that Le was an educated, capable graduate student who had several days to prepare his defense, and the opportunity to consult both legal and nonlegal counsel, with an additional period to provide written supplements. The District Court did not improperly find facts: it permitted Le every reasonable inference, but concluded that undisputed facts showed Le to have a reasonable opportunity to present a defense.
With regard to the argument that the University did not consider Le’s defenses, there is no evidence that the Hearing Body and deans who heard Le’s disciplinary case did not consider his arguments. In fact, there is very substantial evidence that the opposite occurred. Mere speculation that Le’s arguments were not considered does not create a genuine issue of material fact. See Lexington Ins. Co. v. Western Pennsylvania Hosp., 423 F.3d 318, 333 (3d Cir.2005).
B. Did the University Provide Le Adequate Process?
The next group of claimed errors challenge the District Court’s determination that Le received adequate procedural protections during the disciplinary proceedings. Le argues that the District Court erred in relying on Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir.1961) and Sill v. Pennsylvania State University, 462 F.2d 463 (3d Cir.1972), since they antedated the Supreme Court’s decision in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
Le’s arguments are unavailing. The Due Process Clause protects students during disciplinary hearings at public institutions. Sill, 462 F.2d at 469. There is not a specific format that these proceedings have to follow, so long as the university provides sufficient protections to comply with due process. Id. Even assuming it was error for the District Court to have not explicitly applied the Mathews balancing test, application of the test does not aid Le. The test requires examining 1) the *175 private interest, 2) the risk of erroneous deprivation of such interest, and 3) the government’s interest. Mathews, 424 U.S. at 335, 96 S.Ct. 893. Le’s interest, avoidance of being expelled from a professional school for academic dishonesty, is certainly weighty, but it is the only factor that favors him.
The risk of erroneous deprivation is low.Le was afforded extensive procedural protections: notice, a hearing before a panel of students and faculty, the right to present witnesses and evidence, the right to cross examine witnesses, a lay adviser in the room, an attorney outside the hearing room, two levels of appeal (during one of which he was represented by counsel), and the opportunity to submit further evidence after the hearing. Le argues that the notice was insufficient because he was not advised that evidence would be presented against him regarding other incidents. However, Le was aware of rumors regarding other incidents of cheating. Such evidence also served to rebut his defense that a back problem caused his unusual movements. In addition, there was a period of at least four days between the two days of the hearing to develop a response to these allegations. He was permitted to submit further material after the hearing. Thus, the risk of erroneous deprivation was extremely low.
Lastly, the dental school’s interest in prompt disposition of the charges weighs heavily against Le. Postponement of the disciplinary proceedings would likely have resulted in a delay of several months, given that the incident occurred at the end of the spring term and numerous students and faculty members would very likely not have been readily available during the summer period.
Le argues that the failure to follow the university policies regarding the reporting of dishonest behavior was a violation of due process. He particularly notes that the testimony of Dr. Zohn observing prior instances of cheating without reporting them was the “most glaring example of unfairness,” which is peculiar as Zohn was a witness called by Le. A school’s failure to follow its own policies is not, in itself, a violation of due process. See Winnick v. Manning, 460 F.2d 545, 550 (2d Cir.1972) (“[W]e are not inclined to hold that every deviation from a university’s regulations constitutes a deprivation of due process.”); Cobb v. Rector, Visitors of the University of Virginia, 69 F.Supp.2d 815, 828-29 (W.D.Va.1999). So long as the procedural protections actually provided were sufficient and fairly administered, due process is satisfied.
C. Was the University’s Decision Supported by Substantial Evidence?
Le argues that due process requires that the University’s determination be supported by substantial evidence and that the District Court erred by not considering evidence in the record that supports Le’s position. The substantial evidence standard requires such evidence “as a reasonable mind might accept as adequate to support a conclusion.” Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). This standard must be applied when viewing the record as a whole. Universal Camera Corp. v. NLRB, 340 U.S. 474, 487-88, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
The District Court did not err in applying this standard. Sufficient evidence was presented during the hearing to support a reasonable conclusion that Le cheated. Conte presented what the Hearing Body found to be credible evidence of suspicious movements. This was corroborated by a substantial number of students presenting evidence of a pattern of behavior on Le’s part. A reasonable factfinder could have *176 discredited Le’s defense that his actions were caused by back problems. The Hearing Body observed him sitting for two separate days without moving suspiciously. Conte testified that the suspicious behavior stopped when he warned the test-takers about cheating. Thus, the expulsion was backed by substantial evidence.
D. Was Le Entitled to Discovery before the District Court Granted the Summary Judgment Motion?
Lastly, Le argues that the District Court improperly converted the motion to dismiss to a motion for summary judgment, thus depriving him of the opportunity to conduct discovery. Federal Rule of Civil Procedure 12(d) requires that if matters outside the pleading are presented to the court and not excluded, the court must treat the motion to dismiss as a motion for summary judgment, provided that the court gives the parties a reasonable opportunity to present pertinent material. Fed. R.Civ.P. 12(d). When reviewing a district court’s decision to convert the motion, we review three issues 1) whether the materials submitted required conversion, 2) whether the parties had adequate notice of an intention to convert the motion, and 3) if the parties did not have notice, whether the failure to provide notice was harmless error. In re Rockefeller Ctr. Prop., Inc. Secs. Litig., 184 F.3d 280, 287 (3d Cir.1999).
First, the material submitted required conversion. The defendants submitted several exhibits consisting of school policies, disciplinary decisions against Le, and hearing testimony that made the motion an appropriate candidate for conversion to a motion for summary judgment.
Second, the District Court gave sufficient notice and an opportunity to submit relevant material. This court has required that at least ten days notice be given before conversion of a Rule 12(b)(6) motion. Crown Central Petroleum v. Waldman, 634 F.2d 127, 129 (3d Cir.1980). The District Court gave the defendants approximately twenty days to submit materials. It gave Le an additional seventeen days to submit material in response. Thus, the District Court gave proper notice in converting the motion to a motion for summary judgment.
Le was not improperly denied discovery. We review the District Court’s denial of discovery for abuse of discretion. Alston v. Parker, 363 F.3d 229, 236 (3d Cir.2004). Le argues that discovery would have allowed him to delve into why the university chose to conduct the hearing the way it did. However, such information would not have been pertinent: the issue to be explored was whether the procedure that was afforded comported with due process. Sill, 462 F.2d at 469. The District Court followed the proper standards in converting the motion to dismiss to a motion for summary judgment and did not abuse its discretion in denying discovery.
III.
For the foregoing reasons, we will affirm the order of the District Court granting summary judgment in favor of the defendants.