**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2843
_____

JEFFREY J. HEFFERNAN,
Appellant

v.

CITY OF PATERSON; MAYOR JOSE TORRES; POLICE CHIEF JAMES
WITTIG; POLICE DIRECTOR MICHAEL WALKER
_____

On Appeal from the United States District Court
for the District of  New Jersey
District Court  No. 2-06-cv-03882
District Judge: The Honorable Dennis M. Cavanaugh

Argued June 28, 2012

Before: SMITH and FISHER, *Circuit Judges*
and RAKOFF, *Senior District Judge*[*]

(Filed: July 16, 2012)

Alexandra M. Antoniou
Mark B. Frost       (Argued)
Ryan M. Lockman
Emily K. Murbarger
Mark B. Frost & Associates
7 North Christopher Columbus Boulevard

_____

[*] The Honorable Jed S. Rakoff, Senior District Judge for the United States District
Court for the Southern District of New York, sitting by designation.

Pier 5 at Penn's Landing, 2nd Floor
Philadelphia, PA

Gregg L. Zeff
Suite 305
100 Century Parkway
Mount Laurel, NJ
    *Counsel for Appellant*

William T. Connell
Albert C. Lisbona
Dwyer, Connell & Lisbona
100 Passaic Avenue
Third Floor
Fairfield, NJ

Michele L. DeLuca
Gary Potters
Potters & Della Peitra
100 Passaic Avenue
Fairfield, NJ

Mitzy R. Galis-Menendez
Chasan, Leyner & Lamparello
300 Harmon Meadow Boulevard
6th Floor
Secaucus, NJ

Joseph Michael Morris, III
Thomas P. Scrivo
McElroy, Deutsch, Mulvaney & Carpenter
100 Mulberry Street
Three Gateway Center
Newark, NJ

Victor A. Afanador        (Argued)
Lite, De Palma, Greenberg
Two Gateway Center
12th Floor
Newark, NJ

SMITH, *Circuit Judge.*

Plaintiff Jeffrey Heffernan appeals from summary judgment entered against him in his First Amendment civil rights case. We will reverse.

Heffernan is a police officer working for the City of Paterson, New Jersey. During the Paterson mayoral election of 2006, Heffernan was asked by his mother to obtain a yard sign for Lawrence Spagnola, a long-time Heffernan family friend and Defendant Mayor Jose Torres' principal opponent. Heffernan was off-duty at the time. Heffernan met with Councilman Aslon Goow, Spagnola's campaign manager, and obtained a sign. When Defendant Police Chief James Wittig learned of this, Heffernan was abruptly transferred out of his position in the Police Chief's office, stripped of his title of detective, and reassigned to a series of allegedly punitive positions.[1] Defendant Wittig admitted that this action was in direct response to Heffernan's alleged political involvement. Defendants Wittig, Torres, and other witnesses concede that off-duty police officers in Paterson are free to

_____

[1] Plaintiff also alleges that as a result of his actions, his weapons – both duty and personal – were taken from him, and that he was improperly denied a promotion to sergeant.

engage in political activity. But Wittig claims that an unwritten policy against political involvement existed for officers working in the Chief's office.

This case comes to us after a complicated and highly unusual history in the District Court. Heffernan filed this case in the District of New Jersey, seeking compensatory and punitive damages for civil rights violations under 42 U.S.C. § 1983. The parties eventually filed cross-motions for summary judgment.[2] These were denied by District Judge Peter G. Sheridan, and the case proceeded to trial. Despite First Amendment Free Speech arguments being raised repeatedly in pre-trial filings, the case went to trial solely on First Amendment Free Association grounds. The jury was charged solely on Free Association and returned a verdict for Heffernan of $105,000 in compensatory and punitive damages.

Up until that point, this case was a relatively straightforward civil rights action. But several months after the jury rendered a verdict in favor of Heffernan, Judge Sheridan retroactively recused himself due to what he perceived as a conflict of interest. The case was set for retrial and assigned to District Judge Dennis M. Cavanaugh. The parties agreed that Judge Cavanaugh should revisit their pretrial motions, including the cross-motions for summary judgment. But each party qualified this agreement. Defendants asked for oral argument on the motions. And

---

[2] Heffernan's motion was labeled as a "Motion in Limine," but we believe it is more properly viewed as a Motion for Partial Summary Judgment. The substance of the motion is the same regardless.

Plaintiff asked for the opportunity to file an opposition to Defendants' motion and to supplement the record with evidence obtained in the jury trial. The parties had not been permitted to file oppositions in the original briefing on the motions.

Though Judge Cavanaugh initially indicated that he would not revisit dispositive motions, he eventually agreed to do so. He did deny the request for additional briefing. Judge Cavanaugh later granted Defendants' motion and entered judgment in their favor. He concluded that because Heffernan had repeatedly indicated that he was retrieving the sign for his mother and that he was not campaigning for Spagnola, Heffernan was not engaging in speech and was not entitled to the protections of the Free Speech Clause of the First Amendment. Judge Cavanaugh's opinion made no mention of Heffernan's Free Association claim, despite Heffernan having received a jury verdict in his favor on that claim.

We first consider an underlying procedural matter. Heffernan contends that the District Court erred in denying him permission to file an opposition to Defendants' summary judgment motion. Our standard of review for such a procedural matter is abuse of discretion. *See, e.g.*, *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (abuse-of-discretion review for denial of leave to amend); *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 n.26 (3d Cir. 2010) (abuse-of-discretion review for denial of leave to intervene); *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191-92 (10th Cir. 2006) ("Whether a non-

5

moving party has had an opportunity to respond to a moving party's reply brief at the summary judgment stage is a 'supervision of litigation' question that we review for abuse of discretion."). We conclude that the District Court abused its discretion by barring the Plaintiff from filing an opposition here.

It is extremely unusual in our experience for a District Court to deny permission to file opposition briefs, particularly on a dispositive motion. It is difficult to see how a contested summary judgment motion could ever be decided without opposition briefing, unless the parties agreed to the facts. Issues of fact are quite often key disputes on summary judgment, with the movant asserting that facts supporting its motion cannot be genuinely disputed, and the non-movant responding that certain facts can indeed be genuinely disputed. *See* Fed. R. Civ. P. 56(c); D.N.J. L. Civ. R. 56.1(a). The parties will often contest materiality and supporting evidence in a similar manner. *See* Fed. R. Civ. P. 56(c)(2) (permitting challenges to supporting evidence). The local rules for the District of New Jersey contemplate that the parties will file both an opposition and a reply to any summary judgment motion. *See* D.N.J. L. Civ. R. 56.1(a). The District Court gave no explanation for its departure from the prescribed practice.

The District Court may have thought that barring additional briefing was justified by Judge Sheridan's refusal to permit oppositions and replies when the motions were initially filed. That conclusion assumes that Judge Sheridan's

6

decision was itself justified. But even if it were, Plaintiff specifically requested additional briefing as a condition of his consent to have the District Court re-examine the summary judgment motion.

Plaintiff had good reason to ask for additional briefing, as the jury trial produced numerous additional facts, all of which should have been considered in re-examining the motion for summary judgment. Defendants contend that the record of the jury trial should not be considered on summary judgment, asserting that the effect of Judge Sheridan's recusal is to turn back the clock to the summary judgment stage and pretend the jury trial never happened. Their source for this dubious proposition is unclear. They cite no federal precedent supporting it. Our cases emphasize the importance of notice and opportunity to respond, and a party has not had a full opportunity to respond if it is unreasonably prevented from offering all relevant, reliable evidence. *See, e.g.*, *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 223 (3d Cir. 2009) (requiring a party be given the "opportunity to support its position fully" before summary judgment is entered); *Davis Elliott Int'l, Inc. v. Pan Am. Container Corp.*, 705 F.2d 705, 707-08 (3d Cir. 1983) (requiring a party "be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" (quoting *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980))). Evidence obtained in a jury

trial – even one involving a later recusal – is at least as reliable as other pieces of evidence, such as affidavits, that are routinely considered on summary judgment.

In *Jackson v. State of Alabama State Tenure Commission*, 405 F.3d 1276 (11th Cir. 2005), a public-employee free speech case, the Eleventh Circuit considered a fact pattern similar to the one here. Summary judgment was initially granted, but then reversed by the Eleventh Circuit, with the case remanded and tried before a jury. *See id.* at 1280. The jury verdict was then vacated because a juror had lied about her criminal history. Before the second trial, the trial judge recused himself. *See id.* The new trial judge revisited and granted the summary judgment motion. The Eleventh Circuit affirmed. It specifically held that the district court was justified in granting a summary judgment motion that the Eleventh Circuit itself had previously denied because the district judge "had before him the transcript of the first trial[.]" *Id.* at 1285. Detailing the evidence that supported summary judgment, the Eleventh Circuit explained that "the law of the case did not preclude entry of summary judgment . . . on the record as it stood at the end of the first trial." *Id.*

Given that the District Court's conclusion that Heffernan did not speak was based on pre-trial discovery alone, trial testimony that qualifies or undermines that evidence is highly relevant, and should not have been set aside by the District Court. On remand, the District Court is instructed to permit the parties to re-file

8

their summary judgment motions with updated statements of undisputed material fact and to allow full opposition and reply briefing.

Turning to the substance of the District Court's opinion, we review a District Court's grant of summary judgment *de novo*. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 130 n.6 (3d Cir. 2001). Summary judgment is appropriately granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, we must view the facts in the light most favorable to the non-movant (Plaintiff Heffernan) and draw all reasonable inferences in his favor. *See Beers-Capitol*, 256 F.3d at 130 n.6; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). We conclude that the able District Judge erred by failing to address Heffernan's Free Association claim.

Heffernan's Free Association claim clearly appeared in his "Motion in Limine" and his Trial Brief. Judge Sheridan concluded that the Free Association claim was fairly presented and that Defendants had an opportunity to obtain discovery on it. The Free Association claim was tried and Heffernan obtained a jury verdict in his favor, specifically on Free Association. Given these facts, it was reversible error for the District Court to fail to address Heffernan's Free Association claim before entering judgment in favor of the Defendants.

Defendants assert that Heffernan did not adequately plead his Free Association claim and that – at a minimum – they should have been entitled to additional discovery before proceeding to trial on the Free Association claim. We leave these objections for consideration by the District Court. We hold solely that it was error for the District Court to enter judgment in favor of Defendants after discussing only Heffernan's Free Speech claim, considering that Heffernan had previously obtained a jury verdict on his Free Association claim. On remand, the District Court should consider the extent to which Heffernan prosecuted his Free Association claim and whether Defendants timely objected to trial of the Free Association claim. The District Court should also consider the appropriate remedy, whether it be dismissal of the Free Association claim, reopening discovery solely on Free Association, or proceeding to trial.

In light of our conclusion that the District Court's entry of judgment resulted from both procedural and substantive errors, we will reverse. We do not reach the question of the viability of Heffernan's Free Speech claim. The District Court should re-examine that claim in light of the full record and the parties' supplemental briefing.