George BROOKS, Appellant,

v.

HUSSMAN CORPORATION.

No. 88–1803.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 15, 1989.

Decided June 26, 1989.

---

Ralph David Samuel, Jean R. Sternlight, Philadelphia, Pa., for appellant.

Fredrick C. Hanselmann, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, Pa., for Hussman Corp.

Before GIBBONS, Chief Judge, and MANSMANN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

George Brooks appeals from a summary judgment in favor of the defendant, Hussman Corporation, in Brooks' diversity products liability action against Hussman because of an injury Brooks sustained while cleaning a Hussman meat refrigerator. Brooks contends that the summary judgment was procedurally irregular, and was in any event erroneous because there are genuine issues of disputed fact. We will reverse.

### I.

At the time of his accident, Brooks was a civilian meat cutter employed by the Philadelphia Naval Commissary. His duties prior to his injury included the weekly task of cleaning a low, horizontal model refrigerated meat display case. The display case is cooled by two fans housed in a ten-foot-plus sheet metal construct called a plenum, which is attached to the unit by a nylon tape hinge. The plenum's bottom edge rests flush with the display case drip pan. Brooks' task required that he hose down the display case and wash it out with soapy water. To do so he had to lift open the plenum, which apparently could be done only by leaning across the width of the case.

On April 23, 1985, Brooks commenced the scheduled cleaning. The floor around the display case was wet with water leaked from another Hussman refrigerator nearby. According to Brooks, he found that the plenum handle, made of wire the thickness of a coat hanger, was missing. He tried to grasp the plenum at another point, but it was partially frozen in place. As he attempted to move it, his feet slipped from under him. He landed on his back and suffered a herniated disc. According to his treating physician the herniated disc resulted either from the movement required when Brooks attempted to dislodge the plenum, from the act of falling, or from the impact with the floor.

Brooks' amended complaint charges, with respect to the horizontal display case, that it was defectively designed, incorporating an inadequate handle and hinge and a design that permitted the plenum, which must be opened for cleaning, to freeze in place. He asserted other claims as well, which were the subject of formal timely motions for partial summary judgment. Just prior to selection of the jury, Brooks agreed to drop those claims that were the subject of timely motions. The motions did not cover the claims with respect to the design and location of the plenum. During the discussion of the merits of the formal timely motions the court *sua sponte* expressed doubt about the validity of the remaining claims. Following the court's suggestion, Hussman's counsel made an oral motion for summary judgment, contending that Brooks' injury was not caused by a defect in the display case, but by the wet floor. The court granted the oral motion. This appeal followed.

### II.

Fed.R.Civ.P. 56(c) expressly requires a minimum of ten days' notice to a nonmoving party on any motion for summary judgment. This special procedural protection recognizes that the grant of the motion results in a final adverse decision on the merits. *See Brobst v. Columbus Serv. Int'l*, 761 F.2d 148, 154 (3d Cir.1985), *cert. denied*, — U.S. —, 108 S.Ct. 777, 98 L.Ed.2d 863 (1988); *Crown Central Petroleum Corp. v. Waldman*, 634 F.2d 127, 129 n. 7 (3d Cir.1980); 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2719, at 6–8 (1983). The notice and the time permit the nonmoving party to demonstrate the ability to raise a genuine issue of material fact. This court has insisted on strict compliance with the proce-

dural requirements of Rule 56(c). *E.g., Castle v. Cohen,* 840 F.2d 173, 179 (3d Cir.1988) (reversing summary judgment when court *sua sponte* and without notice to the nonmoving party converted a Rule 12(b)(6) motion into a summary judgment motion); *Brobst,* 761 F.2d at 154 (reversing grant of summary judgment given without notice and on grounds different from those asserted in support of motion); *Crown Central Petroleum Corp.,* 634 F.2d at 129 (reversing conversion of Rule 12(b)(6) motion into Rule 56 motion without affording opposing party reasonable opportunity to present Rule 56 materials); *Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir.1980) (reversing summary judgment granted without reasonable notice).

■ Hussman cannot argue that there was substantial compliance here. There was no more than five minutes notice. Although Hussman's attorney referred to Brooks' deposition testimony, no transcript of that testimony was before the court. The hearing transcript reveals that the court cut off counsel's attempted response to the invited motion for summary judgment. There was no meaningful opportunity for a response. *See Brobst,* 761 F.2d at 154.

■ We have on one occasion found noncompliance with the procedural requirements of Rule 56(c) to be harmless. *Hancock Industries v. Shaeffer,* 811 F.2d 225, 228 (3d Cir.1987). If we could confidently say that Hussman had a complete defense, such as the official immunity defense available to the governor in *Hancock Industries,* disregarding the procedural irregularities might be appropriate. In this case, no such overriding defense is available, and we cannot say that the absence of timely notice and an opportunity to respond was harmless.

■ Indeed it seems to us that even on the materials that were before the district court there were material issues of material fact with respect to Brooks' design defect claim. The district court blamed the injury on the water on the floor. The presence of such a condition, however, was clearly foreseeable by the designer of re-

frigeration equipment requiring periodic cleaning and collecting frozen condensate.

The judgment appealed from will, therefore, be reversed and the case remanded for further proceedings.