

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2007

# Chadwick v. Ct Common Pleas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3529

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chadwick v. Ct Common Pleas" (2007). *2007 Decisions.* Paper 937.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/937

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3529
_____

H. BEATTY CHADWICK,

Appellant

v.

COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA;
GEO GROUP INC;
RONALD NARDOLILLO, Warden, George W. Hill Correctional Facility;
CHARLES P. SEXTON, JR., Chairperson, Board of Prison Inspectors
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-01443)
District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
February 15, 2007

BEFORE: BARRY, CHAGARES and ROTH, CIRCUIT JUDGES

(Filed June 15, 2007)
_____

OPINION
_____

PER CURIAM

Appellant H. Beatty Chadwick, proceeding pro se, filed a complaint in the

United States District Court for the Eastern District of Pennsylvania in March 2005,

followed by an "Emergency Motion to Seek Order Compelling the Defendants to Cease Imprisoning Him in Delaware County Prison in View of His Medical Condition." The District Court granted summary judgment in favor of Defendants The Geo Group, Inc., Ronald Nardolillo and Charles P. Sexton (referred to hereafter as the "Prison Defendants"), granted the motion to dismiss filed by Defendant Court of Common Pleas of Delaware County and denied Chadwick's emergency motion. We will affirm.

As noted by the District Court, the circumstances of Chadwick's legal saga are well-known by the parties and are, for the most part, documented in Chadwick v. Janecka, 312 F.3d 597, 599-601 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003).[1] Basically, Chadwick has been incarcerated for civil contempt since April 1995 for failing to comply with a July 22, 1994 order in a matrimonial proceeding directing him to pay over $2.5 million into an escrow account. The complaint and emergency motion arise from facts surrounding his incarceration. Chadwick's complaint alleges that, given his "deteriorating medical condition" in the form of recurring non-Hodgkin's lymphoma, the current conditions of his confinement deprive him of his Fourteenth Amendment right to be free from cruel and unusual punishment in violation of 42 U.S.C. § 1983. In particular, Chadwick asserts that his continual imprisonment in a county jail designed for short term confinement is injurious to his health because he is deprived of: a clean,

---

[1] It appears that Chadwick has applied at least ten times to the state courts, and no fewer than six times to the federal court, to gain release from custody. Id. at 600. His attempts have thus far been unsuccessful. A federal habeas corpus petition is currently pending in the District Court. See Chadwick v. Hill, E.D. Pa. Civ. No. 06-cv-01709.

hygienic living environment; an appropriate diet; an opportunity to exercise; fresh air and sunshine; uninterrupted sleep; emotional support from family, friends and support groups; immediate contact with the specialized medical experts who treat him; the ability to plan and schedule necessary medical appointments; and the ability to participate in clinical trials.

Defendant Court of Common Pleas of Delaware County filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Chadwick's claim against it is barred by the Eleventh Amendment, and further that, pursuant to Callahan v. Philadelphia, 207 F.3d 668 (3d Cir. 2000), Pennsylvania courts are not "persons" for § 1983 purposes. The Prison Defendants likewise filed a motion seeking to dismiss Chadwick's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The Prison Defendants argued that Chadwick's complaint is essentially nothing more than an attempt to avoid the requirements of 28 U.S.C. § 2244 by filing a second or successive habeas petition under the guise of a § 1983 action. Defendants asserted further that, to the extent the filing could be construed as a § 2254 petition, it was also subject to dismissal on exhaustion grounds. Moreover, defendants argued that the complaint was barred by the doctrines of collateral estoppel and res judicata given the fact that the issue regarding how the conditions of Chadwick's confinement impact his medical condition was actually litigated in and adjudicated by the state courts in the proceedings surrounding Chadwick's "Motion for Release" filed with the Court of Common Pleas of Delaware County and in the state habeas petition filed with the Pennsylvania Superior

3

Court in December 2004. Finally, the Prison Defendants argued that Chadwick failed to state a claim upon which relief could be granted insofar as the conditions of his instant confinement are not tantamount to punishment, that Chadwick is being held pursuant to a court order and that they do not have the legal authority to release him, that the doctrine of respondeat superior cannot form the basis of liability under § 1983 for the claims against defendants Nardolillo and Sexton, and that these defendants are, in any event, entitled to qualified immunity. The Prison Defendants supported their motion with, <u>inter alia</u>, the transcripts from the hearing held before the Court of Common Pleas on September 29, 2004 on Chadwick's "Motion for Release," the deposition testimony of Chadwick's treating oncologist, Dr. Steven John Schuster, M.D., and of Dr. Victoria Gessner, M.D., former medical director at the George W. Hill Correctional Facility, as well as the Common Pleas Court's Findings of Fact and Decision denying Chadwick's Motion for Release.

In a Memorandum Opinion and Order entered on June 16, 2006, the District Court treated the Prison Defendants' motion as one for summary judgment and, over Chadwick's objections, granted judgment in their favor while denying Chadwick's "Emergency Motion." Accepting Chadwick's contention that he sought merely to challenge the conditions of his confinement, the District Court construed the complaint as one filed pursuant to 42 U.S.C. § 1983. The court concluded that, under the standard enunciated by the Supreme Court in <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979), Chadwick failed to establish that the conditions of his confinement at the Delaware County Prison

4

have deprived him of his Fourteenth Amendment right to be free of punishment. While noting its understanding of the seriousness of Chadwick's medical condition, the District Court nonetheless concluded that the prison conditions challenged by Chadwick were not imposed with the objective of punishing appellant, that they did not amount to punishment insofar as they are "reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," D.Ct. Memorandum Opinion at 10, quoting Bell, 441 U.S. at 540, and that they have not become "excessive in relation to the purposes assigned for them." Id., quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983).

Chadwick's challenge to the adequacy of the medical care he was receiving was likewise rejected. The District Court noted that the responsibility of "maintaining security and order" and operating the prison "in a manageable fashion" necessarily requires the development of policies for the provision of medical care. The conditions under which Chadwick requests and receives medical treatment (i.e., coordinating outside treatment with prison medical staff and the Court of Common Pleas, and utilizing prison medical staff if an emergency occurs), do not, the District Court concluded, amount to punishment. The court supported this conclusion with reference to Dr. Schuster's testimony that, "although [Chadwick's] imprisonment poses some potential risks, he has thus far been able to treat [Chadwick's] lymphoma without any 'adverse event[s] related to his current situation," id. at 11, and "is satisfied with [Chadwick's] ability to be initially observed and treated by Dr. Gessner at the Prison ...." Id. The court further

5

concluded that it was clear that prison officials have not demonstrated "deliberate indifference" to Chadwick's medical needs and, in fact, the state court record indicated that prison officials and the Court of Common Pleas "have taken affirmative steps to ensure that [Chadwick] receives appropriate and necessary medical care." Id. at 12-13. Accordingly, the District Court granted the Prison Defendants' converted summary judgment motion and denied Chadwick's Emergency Motion.

The District Court addressed the motion to dismiss filed by the Court of Common Pleas of Delaware County in a subsequent order entered on June 26, 2006. The District Court began its analysis by stating that "[r]elief against judicial officers under Section 1983 is strictly limited by the doctrine of judicial immunity." D.Ct. Memorandum Order at 1. The court continued by concluding that the actions of the individual judges in holding Chadwick in contempt and in directing his incarceration until the contempt is purged, as well as their actions in denying his state habeas petitions and motions for release constitute judicial acts. Because the individual judges did not act in the complete absence of jurisdiction in issuing these orders and because Chadwick's constitutional rights are not being violated by the conditions of his confinement in any event, the court concluded that the judges are entitled to judicial immunity. The Court of Common Pleas' motion to dismiss the complaint was thus granted. Chadwick's motion for reconsideration was thereafter denied, and this timely appeal followed.

Initially, we note our agreement with Chadwick's contention that the District Court erred in converting the Prison Defendants' motion to dismiss into one for summary

6

judgment without first affording him notice of its intent to do so. Rule 12(b) provides that if, on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Because the Prison Defendants tendered "matters outside the pleading," the District Court certainly had the option of treating their Rule 12(b)(6) motion as a motion for summary judgment. This Court has held, however, that "the 'reasonable opportunity' provision of Rule 12(b) incorporates the minimum notice provision of Rule 56(c). 'To exercise the right to oppose summary judgment, a party must have notice.'" Hancock Industries v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987), quoting Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir.1980). Moreover, this Court has "insisted on strict compliance with the procedural requirements of Rule 56(c)," Brooks v. Hussman Corp., 878 F.2d 115, 117 (3d Cir. 1989), and Chadwick's status as an attorney proceeding pro se does not obviate his entitlement to notice.

Nonetheless, we have held that the District Court's failure to provide notice may be excused if the failure was harmless error, i.e., where no state of facts exists on which the plaintiff could conceivably recover. See Rose v. Bartle, 871 F.2d at 342. Here, Chadwick does not appear to have been prejudiced by the District Court's conversion

7

decision. Considering the number and types of exhibits[2] appended to the Prison

Defendants' motion, including the deposition testimony of Chadwick's treating

oncologist, Dr. Steven John Schuster, M.D., it is not clear how he would have benefitted

if given an opportunity to produce even more documentation. Additionally, given the

District Court's holdings on the merits, we do not see how Chadwick could have

presented material that would overcome the court's determination that the conditions

under which he is confined do not constitute impermissible punishment under the Due

Process Clause of the Fourteenth Amendment and the standards enunciated in Bell v.

Wolfish, 441 U.S. 520 (1979), even considering what Chadwick describes as his "unique

circumstance." Thus, we find that the District Court's decision to convert the motion to

one for summary judgment without first formally notifying the parties was harmless, and

that the court thus did not abuse its discretion in denying Chadwick's motion filed under

Fed. R. Civ. P. 59(e) seeking reconsideration of that decision. See Le v. Univ. of

Pennsylvania., 321 F.3d 403, 405-06 (3d Cir. 2003).

We next examine Chadwick's contention that the District Court erred in granting

Defendant Court of Common Pleas of Delaware County's motion to dismiss, a decision

which we review de novo. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386

(3d Cir. 2005). In deciding a motion to dismiss, a court must determine whether the party

making the claim would be entitled to relief under any set of facts that could be

---

[2] Contrary to Chadwick's contention, we agree with the District Court's determination that these documents are relevant to the substantive allegations of the complaint.

established in support of his claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). As noted previously, the District Court determined that the Defendant individual judges of the Court of Commons Pleas are entitled to judicial immunity for their actions in holding Chadwick in contempt and in directing his continued incarceration until the contempt is purged. While the Supreme Court held in Pulliam v. Allen, 466 U.S. 522, 540-42 (1984), that judicial immunity was not a bar to claims for injunctive or declaratory relief under § 1983, Congress amended § 1983 in 1996 as part of the Federal Courts Improvement Act to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." See Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197 (3d Cir. 2000). Chadwick does not argue that the statutory exceptions set out in this provision should apply, and we agree with the District Court's determination that the challenged actions of the judges of the Court of Common Pleas fell within the range of judicial action. See, e.g., Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir.2000). Moreover, even if such claims were not barred by judicial immunity, Chadwick has not demonstrated "an inadequate remedy at law,"see Pulliam, 466 U.S. at 537-38, and, as the District Court properly determined, his constitutional rights have not been violated in any event.

Accordingly, given the foregoing, we will affirm the judgment of the District Court.