AMBRO, Circuit Judge,
concurring.
My colleagues and I agree that Fed. R.Civ.P. 6(b) was violated. While the District Court makes an excusable neglect determination in the first instance, I write separately to provide further factual background of the case and to discuss my additional concern regarding Federal Rule of Civil Procedure 56(c).
Gototweski filed his answer on July 31, 2007, in which, among a laundry list of 19 affirmative defenses, he asserted exhaustion as one (and it came at the end of the list). On August 1, 2007, the Magistrate Judge entered a scheduling order, setting a discovery deadline of February 1, 2008, and a dispositive motions deadline of March 3, 2008. The order stated that “[t]he parties are also advised that once the deadlines have been established, extensions of those time periods will be sparingly granted and only for good cause shown, upon application made before the expiration of the relevant deadline.”
Gototweski moved for summary judgment in October 2007, arguing that he could not have been personally involved in the alleged constitutional violation because he was not working at Drippe’s institution on August 4, 2004, one of the four days Drippe alleges Gototweski acted with deliberate indifference. Gototweski did not so much as mention exhaustion in his motion.
The District Court denied the motion in August 2008, reasoning that because Drippe’s allegations spanned a time frame of four days (August 4 through 7, 2004), Gototweski could have been personally involved in the incidents on the latter three days despite his absence on the first day. The Court informed the parties that the trial would be held in November 2008,[1] and in October provided a set date of November 17. Yet Gototweski had not mentioned “exhaustion” in the litigation since his inclusion of it as an affirmative defense in his answer, filed well over a year earlier.
On November 10, 2008, seven days before trial, Gototweski filed a “second motion for summary judgment,” asserting, on the basis of an unsworn declaration by a Department of Corrections administrative officer, that Drippe did not complete the final step of the grievance process as to three of the four grievances he had filed, and thus they were unexhausted.[2] (The one grievance Gototweski agreed Drippe had completed was not relevant to the allegations in his lawsuit.) The ease had by then proceeded for two years, through full discovery, and the deadline for dispositive motions had passed over eight months earlier.
Despite the assertion in Gototweski’s motion, Drippe had completed the final *787 step of the grievance process for the relevant grievance. Drippe’s counsel, in his opposition memorandum to Gototweski’s summary judgment motion, submitted a sworn affidavit by a paralegal in his law firm stating that an agent of the Department of Corrections had informed the paralegal that a final grievance appeal was in the Department’s records under the proper name “Jeffrey Drippe.”[3] Apparently, the final appeal had been filed under a different identification number than the number on the previous two grievance filings. Gototweski’s counsel sent a copy of the final grievance to Drippe’s counsel on November 12, 2008.
On the day of trial (November 17) and after jury selection, the District Court heard argument on Gototweski’s summary judgment motion. But for the actions of Drippe’s counsel — curiously, it took only one phone call by his paralegal to uncover the inaccuracy in the brief of Gototweski concerning a document that had been in the control of his employer for years — that faulty motion might have been granted. Gototweski’s counsel corrected the record and agreed that Drippe had completed the grievance procedure. The basis for Gototweski’s second motion for summary judgment, therefore, was no longer valid.
Incredibly, Gototweski’s counsel chose to advance orally a new theory of exhaustion — one not made in his written motion for summary judgment — that the grievance he now agreed was exhausted was insufficient to give prison officials notice that Gototweski was charged with wrongdoing. This was yet a third motion for summary judgment, and this time it wasn’t even written. With the prior, written motion, Drippe at least had an opportunity (however short) to rebut the basis for the motion — which he did successfully. With the oral motion, Drippe had no opportunity to develop a response.
Additionally, Gototweski’s motion violated Fed.R.Civ.P. 56(c) as it read at the time of the events in this case.[4] It required at least ten days notice to the non-moving party on a motion for summary judgment. Here, Drippe received only seven days notice on the second summary judgment motion and no notice on the third motion.
Our Court has long “insisted on strict compliance with the procedural requirements of Rule 56(c).” Brooks v. Hussman Corp., 878 F.2d 115, 116-17 (3d Cir.1989). As Judge Becker stated, “summary judgment motions within ten days of trial violate the plain words of Rule 56(c) and are unfair to opponents who may lack adequate time to respond.” In re School Asbestos Litig., 977 F.2d 764, 794 (3d Cir.1992). How much more unfair, then, is an oral summary judgment motion made on the day of trial, after jury selection, with no opportunity for a plaintiff to prepare a response.
We require prisoners to adhere strictly to the procedural rules of the Prison Litigation Reform Act. It is not too much to ask that non-prisoner parties play by the same rules when the procedures are those of the Federal Rules of Civil Procedure.

. The summary judgment deadline was not the only deadline disregarded by Gototweski's counsel. On September 30, 2008, Gototweski moved for an "enlargement of discovery deadlines," even though the discovery period had expired almost eight months prior. The Court denied this motion as untimely.

. The Pennsylvania Department of Corrections has a three-step grievance process: 1) an initial grievance filed with the grievance coordinator at the institution, 2) an appeal to the Superintendent of the institution, and 3) a final appeal to the Pennsylvania Secretary of Corrections.

. Drippe also argued that Gototweski’s motion should be denied because it was filed in violation of Federal Rules of Civil Procedure 6(b) and 56, and Gototweski had not shown excusable neglect.

. Rule 56(c) has since been amended to read, in relevant part, that “a party may move for summary judgment at any time until 30 days after the close of all discovery.” Discovery in this case closed on February 1, 2008, and 30 days later was March 2. Thus the November 17, 2008, summary judgment motion would have been improper under the new version of the rule by over eight months.