Stephanie L. RITCHIE; Scott
D. Ritchie, Appellants

v.

WACHOVIA CORPORATION, d/b/a
Wachovia Bank, N.A. Richard De-
Luca, c/o Wachovia Corporation.

No. 08–1761.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) June 11, 2010.

Filed: July 23, 2010.

John P. Karoly, Jr., Esq., Karoly Law
Offices, Allentown, PA, for Stephanie L.
Ritchie and Scott D. Ritchie.

Kenneth D. Kleinman, Esq., John F.
Ward, Esq., Stevens & Lee, King of Prus-
sia, PA, for Wachovia Corporation, d/b/a
Wachovia Bank, N.A. Richard DeLuca, c/o
Wachovia Corporation.

Before: AMBRO, CHAGARES, and
GREENAWAY, JR., Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Plaintiffs Stephanie Ritchie and Scott
Ritchie appeal from the District Court's
decisions granting summary judgment for
defendants Wachovia Bank, N.A. ("Wacho-
via") and Richard DeLuca and denying
their request for an extension of time to
respond to the motion. The plaintiffs ar-
gue that the District Court failed to follow
the ten-day notice provision of Federal
Rule of Civil Procedure 56(c). We dis-
agree and will affirm the judgment of the
District Court.

## I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. Stephanie Ritchie was formerly employed by Wachovia, and DeLuca served as her supervisor. On December 28, 2006, she and her husband, Scott Ritchie, filed this action against Wachovia and DeLuca, alleging claims based, *inter alia*, on Title VII of the Civil Rights Act of 1964. Stephanie Ritchie alleges that DeLuca engaged in various forms of sexual harassment, including inappropriate comments, physical contact, and stalking. Scott Ritchie alleges that he suffered damages based on loss of consortium.

On October 10, 2007, after an unsuccessful settlement conference, the District Court ordered the parties to: (1) complete all discovery by January 4, 2008; (2) file any motions for summary judgment by January 18, 2008; (3) file opposition to any motions for summary judgment by February 1, 2008; and (4) file reply briefs by February 8, 2008. Supplemental Appendix ("S.A.") 127. On January 15, 2008, the District Court granted a motion to compel discovery filed by the defendants, finding that the plaintiffs had failed to respond to the defendant's discovery requests and the motion to compel. S.A. 186. The Court ordered the plaintiffs to produce several documents by January 16, 2008, serve responses to the defendants' interrogatories and documents requests by January 18, 2008, and produce plaintiff Scott Ritchie for a deposition by January 18, 2008. *Id.* Given this schedule for producing the requested discovery, the District Court also modified the summary judgment briefing schedule, extending the date for the defendants to file a motion for summary judgment until January 25, 2008. S.A. 187. This order did not alter any of the other dates set forth in the October 10, 2007 order; the deadline for the plaintiffs to oppose the defendants' motion for summary judgment remained February 1, 2008. *Id.*

In accordance with this modified briefing schedule, the defendants filed their motion for summary judgment on January 25, 2008. The plaintiffs did not respond by the February 1, 2008 deadline. Instead, on February 8, 2008, the plaintiffs filed a motion to extend the deadline. Appendix ("App.") 97–99. The District Court denied this motion on the same day it was submitted. App. 2–4.

On February 13, 2008, the District Court granted summary judgment in favor of the defendants, dismissing all remaining counts of the complaint. App. 5–18. It dismissed the federal claims against DeLuca because individual employees cannot be held liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077–78 (3d Cir.1996) (en banc). It dismissed the hostile working environment claims against Wachovia because Ritchie had failed to establish a basis for imposing vicarious liability, and it dismissed the retaliation claims because Ritchie failed to make out a prima facie case that Wachovia took any adverse employment actions against her. Having dismissed all of the federal claims, the District Court declined to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). On March 11, 2008, the plaintiffs timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's substantive decision to grant summary judgment, but we review the District Court's decision not to extend the deadline for submitting opposition to the motion for

summary judgment for abuse of discretion. *See Radich v. Goode,* 886 F.2d 1391, 1393 ("Whether a district court prematurely grants summary judgment is reviewed for abuse of discretion.").

The plaintiffs do not challenge, and we find no error in, the District Court's grant of summary judgment for the defendants based on the record before the court. Instead, the plaintiffs challenge the District Court's decision to deny their motion to extend the time to oppose the defendants' motion for summary judgment.

The version of Federal Rule of Civil Procedure 56 in effect at the time of the District Court's decision provided that a motion for summary judgment "must be served at least 10 days before the day set for the hearing." Fed.R.Civ.P. 56(c) (2008).[1] "While Rule 56 speaks of a 'hearing,' we do not read it to require that an oral hearing be held before judgment is entered." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 177 (3d Cir.1990). Rather, we have interpreted Rule 56(c) as requiring an "opportunity to submit written evidence and argument." *Id.* We have explained that the purpose of Rule 56(c) is to provide the nonmoving party with "an opportunity to oppose the entry of summary judgment." *DL Res., Inc. v. FirstEnergy Solutions Corp.,* 506 F.3d 209, 223 (3d Cir.2007).

Although we have "insisted on strict compliance with the procedural requirements of Rule 56(c)," *Brooks v. Hussman Corp.,* 878 F.2d 115, 116–17 (3d Cir.1989), in this case the Rule does not dictate the result the plaintiffs seek. Rule 56(c) requires ten days' notice; it does not require ten days in which to respond to the moving party's brief. See *Gibson v. Mayor &*

*Council of the City of Wilmington,* 355 F.3d 215, 223 (3d Cir.2004) ("From a procedural standpoint, the Federal Rules of Civil Procedure clearly require that parties be given ten days notice that a motion for summary judgment is being considered."). This interpretation of the Rule's notice requirement is supported by our precedent recognizing that a district court "may grant summary judgment *sua sponte* in appropriate circumstances," provided that the court provides "prior notice and an opportunity to oppose summary judgment." *DL Res.,* 506 F.3d at 223 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In this context, we have explained that "a party must be given notice when summary judgment is being contemplated against it so that the evidence necessary to oppose the motion may be marshaled to the Court." *Gibson,* 355 F.3d at 224. As this precedent demonstrates, the purpose of Rule 56(c) is to ensure that a party opposing summary judgment has adequate notice and an opportunity to submit opposition.

In this case, the District Court provided ample notice that it would be considering the defendants' motion for summary judgment and sufficient time for the plaintiffs to respond to the motion. The court established the briefing schedule—setting February 1, 2008 as the deadline for the plaintiffs to file their opposition to the defendants' motion—on October 10, 2007, over four months in advance. Even when the court extended the deadline for submission of the defendants' motion on January 15, 2008 because the plaintiffs had failed to respond to several discovery requests,[2] more than two weeks remained

---

1. The timing provisions of Rule 56 were subsequently amended. Throughout this opinion, we refer to the version of the rule in effect during the relevant time period.

2. Contrary to the plaintiffs' suggestion, the District Court did not grant summary judgment as a "discovery sanction." Since the District Court granted summary judgment for

before the deadline for the filing of the plaintiffs' opposition. Pursuant to this modified briefing schedule, the defendants timely submitted their motion on January 25, 2008, and the plaintiffs were ordered to submit their opposition by the original February 1, 2008 deadline. This sequence of events provided the plaintiffs with sufficient time to oppose the entry of summary judgment. The District Court did not violate the notice requirements set forth in Rule 56(c) or abuse its discretion in declining to extend the deadline for opposing the defendants' motion.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

the defendants for substantive reasons, not as a sanction for the plaintiff's failure to respond to discovery requests, our decision in *Poulis v.*

*State Farm Fire and Casualty Company,* 747 F.2d 863 (3d Cir.1984), does not apply. *See Anchorage Assocs.,* 922 F.2d at 178.