

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Bintliff-Ritchie v. Amer Re Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1527

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bintliff-Ritchie v. Amer Re Ins Co" (2008). *2008 Decisions.* Paper 853.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/853

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1527
_____

JOANNE BINTLIFF-RITCHIE,

Appellant

v.

AMERICAN REINSURANCE COMPANY


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-CV-3802)
District Judge:  Honorable Garrett W. Brown, Jr.


_____

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2008


Before:  AMBRO, CHAGARES, and COWEN,  <u>Circuit</u> <u>Judges</u>.

(Filed: July 11, 2008)


OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

This is an employment discrimination action arising under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000(e) et seq., and under the New Jersey Law Against Discrimination (NJLAD), N.J. Stat. Ann. §§ 10:5-1 et seq. Appellant Joanne Bintliff-Ritchie also raises claims for unpaid wages under New Jersey's Wage Payment Law, N.J. Stat. Ann. §§ 34:11-4.1 et seq., and for fraud under New Jersey common law. Bintliff-Ritchie appeals the District Court's order granting summary judgment for appellee American Reinsurance Company (Am Re). For the following reasons, we will affirm.

## I.

As we write only for the parties, our recitation of the facts is brief. In January 2003, Am Re's Executive Committee hired Bintliff-Ritchie as Senior Vice President of Corporate Resources to replace Bob Humes, the former Senior Vice President of Human Resources. Bintliff-Ritchie's job responsibilities included running Am Re's Human Resources department, corporate communications, and other corporate functions. She was a member of the company's Senior Management Group (SMG) with a starting salary of $215,000 and she participated in the company's annual Incentive Compensation Plan (ICP). She reported to Wolfgang Engshuber, Am Re's Executive

Vice-President and President, Corporate Centers.[1]  After her first six months, Engshuber recommended that Bintliff-Ritchie receive a $45,000 merit increase, which took effect on July 7, 2003.

As part of her 2003 year-end performance review, Bintliff-Ritchie completed a self-evaluation and rated her performance as "Needs Improvement." Engshuber also determined that Bintliff-Ritchie's 2003 performance did not meet the company's expectations and therefore recommended that she receive only 90% of her target ICP award.  Am Re's ICP awards to SMG members ranged from 0% to 200% of target.  Bintliff-Ritchie was the only SMG member reporting to Engshuber who fell below target.  Another female SMG member received the highest award, which was 47% higher than Bintliff-Ritchie's and 6% higher than that of the highest male participant in the program.

Am Re terminated Bintliff-Ritchie on May 25, 2004, just before she was due to receive her ICP award of $112,500.

**II.**

We have jurisdiction over this appeal from the District Court's final judgment and order pursuant to 28 U.S.C. § 1291.  When the District Court grants a

---

[1]Engshuber was a member of the Executive Committee that hired Bintliff-Ritchie. At the time she was hired, Albert J. Beer, Am Re's Executive Vice-President and President, Strategic Business Units and John P. Phelan, Am Re's Chairman and CEO, were the other two members of the Executive Committee.

3

motion for summary judgment, "we exercise plenary review." DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 216 (3d Cir. 2007). Summary judgment is appropriate when "'there is no genuine issue as to any material fact,'" and "'the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). We "resolve all factual doubts and draw all reasonable inferences in favor of [appellants]." DL Res., Inc., 506 F.3d at 216. We also have plenary review over the District Court's dismissal of claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Atkinson v. Lafayette College, 460 F.3d 447, 451 (3d Cir. 2006). In reviewing a dismissal under Rule 12(b)(6), we accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

### III.

Bintliff-Ritchie contends that the District Court erred in concluding that she had not offered any evidence that Am Re's reason for her termination – her poor performance – was pretextual. According to Bintliff-Ritchie, the District Court ignored the evidence she presented, including the fact that Am Re never told her that she had performed poorly and there was no mention of her alleged performance failure in her termination letter. Bintliff-Ritchie argues that Am Re never warned her that her job was in jeopardy and, in fact, praised and rewarded for her performance. She also asserts that District Court essentially ignored the evidence of disparate treatment she presented –

4

namely, that Am Re treated its male employees better than it treated Bintliff-Ritchie, paying male employees higher salaries, giving male employees generous severance packages, and not terminating or disciplining male employees even when they were underperforming. We disagree.

As the District Court observed, we apply the familiar *McDonnell Douglas* burden-shifting framework to discrimination claims brought under Title VII and the NJLAD. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Schurr v. Resorts Int'l Hotel, Inc., 196 F.3d 486, 498 (3d Cir. 1999). For purposes of the summary judgment motion, Am Re conceded that Bintliff-Ritchie had established a *prima facie* case of discrimination. The burden then shifted to Am Re to offer evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). Am Re satisfied its burden by proffering evidence that Bintliff-Ritchie had failed to perform her job satisfactorily, and the Executive Committee had fired her for that reason. Indeed, the record includes extensive evidence of Bintliff-Ritchie's missteps at the company, including the ill will she created within her department by firing long-time veterans of the company.

We must therefore consider whether Bintliff-Ritchie has "point[ed] to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious

5

discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Id. at 764. We conclude that she has not provided any such evidence.

The District Court correctly determined that Bintliff-Ritchie "failed to meet her burden of showing that Am[] Re's explanation for her dismissal was merely a pretext for discrimination." Appendix (App.) 22. First, it is noteworthy Bintliff-Ritchie was hired to replace a male employee. Second, as the District Court observed, the Executive Committee hired and fired Bintliff-Ritchie and it is unlikely "that a group of individuals responsible for hiring a member of a protected class would then dismiss her shortly thereafter on the basis of gender discrimination." Id. Third, although Am Re omitted any reference to Bintliff-Ritchie's poor performance in her termination letter, we do not find this silence to be persuasive. As the District Court noted, Am Re "may well have been unwilling to scuttle [Bintliff-Ritchie]'s hopes of future employment in such a way." Id. at 23. Fourth, the fact that a female SMG member received the biggest ICP award undermines Bintliff-Ritchie's contention that the company gave its male employees preferential treatment.

Bintliff-Ritchie has failed to introduce "either direct evidence of a purpose to discriminate, or indirect evidence of that purpose." Hankins v. Temple Univ. (Health Sciences Ctr.), 829 F.2d 437, 440-41 (3d Cir. 1987); see also Dillon v. Coles, 746 F.2d 998, 1002-03 (3d Cir. 1984) (noting "that in most employment discrimination cases direct

6

evidence of the employer's motivation is unavailable or difficult to acquire"). We conclude therefore that Bintliff-Ritchie has not raised any issues of material fact necessary to survive a motion for summary judgment.

**IV.**

Bintliff-Ritchie also argues that the District Court improperly converted Am Re's motion for summary judgment on her wage payment and fraud claims into a motion to dismiss under Rule 12(b)(6), without notice to the parties. Bintliff-Ritchie alleges that Am Re acted fraudulently by "induc[ing] her to accept employment" with the company and assuring her of its support for organizational and personnel changes, "knowing there would be resistance to those changes." Appellant Br. at 33-34. With respect to her wage claim, Bintliff-Ritchie contends that under New Jersey's Wage Payment Law Am Re should have paid her the ICP award after her termination. Bintliff-Ritchie asks this Court to consider whether her termination was "[a] coincidence, or . . . an effort to defraud her of what she was due[.]" Id. at 33.

Contrary to Bintliff-Ritchie's contentions, the District Court properly dismissed both the fraud and wage claims as a matter of law. The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6). See, e.g., Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980). In addition, as Am Re correctly notes, "the standard for surviving a motion to dismiss is more lenient than the summary

judgment standard." Appellee Br. at 46 (citing <u>Seidman v. Minn. Mut. Life Ins.</u>, 40 F. Supp. 2d 590, 596 (E.D. Pa. 1997)).

Under New Jersey's Wage Payment Law, employers must pay employees who are terminated "all wages due not later than the regular payday for the pay period during which the employee's termination . . . took place." N.J. Stat. Ann. § 34:11-4.3. When employees receive compensation "in part or in full by an incentive system," employers must pay "a reasonable approximation of all wages due, until the exact amounts due can be computed." <u>Id.</u> As the District Court observed, however, "Bintliff-Ritchie's interest in the ICP award had not yet vested under the ICP system" when she was terminated. Bintliff-Ritchie herself approved rules governing the ICP award system which provided that employees whom Am Re fired or who quit prior to payment of the award would forfeit the award, regardless of whether they had completed the performance period for the award. Because Am Re terminated Bintliff-Ritchie in March 2004, before paying the 2003 ICP awards, she was ineligible for the award. Accordingly, New Jersey's Wage Payment Law does not protect Bintliff-Ritchie's interests.

In addition, the District Court properly dismissed Bintliff-Ritchie's fraud claim. Bintliff-Ritchie's complaint asserts generally that Am Re personnel made false statements which "induc[ed] [her] to accept Am Re's offer of employment." App. 40. These statements, according to Bintliff-Ritchie, "materially misrepresented the presently existing employment climate at Am Re and the prospects for [her] continued employment

8

at the company." Id. Rule 9(b), however, requires that "the circumstances constituting fraud . . . be stated with particularity." Fed. R. Civ. P. 9(b). We have previously explained that this requirement may be satisfied by "pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004). Bintliff-Ritchie failed to inject any such precision into her complaint and did not identify either the source or the content of the alleged misrepresentations. Id. Moreover, although the District Court provided Bintliff-Ritchie with the opportunity to amend her complaint, she chose not to do so.

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.